UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO: 21-126 |
| | * | |
| v. | * | SECTION: "S" (4) |
| | * | |
| EMPIRE BULKERS, LTD., | * | |
| JOANNA MARITIME LIMITED, AND | * | |
| WARLITO TAN | * | |

* * * *

### MEMORANDUM IN SUPPORT OF MOTION TO RELEASE WITNESSES FROM TRIAL SUBPOENAS

**NOW INTO COURT**, through undersigned counsel, come witnesses Haldun Akkaya, Manuel Baliad II, Bienvenido Cabanayan Jr., Gerone Bernabe, Nimuel Nalogon, and Louie Gonzaga ("Witnesses") who respectfully submit this memorandum in support of their motion to release them from their trial subpoenas in the above-captioned matter. Each of the Witnesses was served in October 2021 with a trial subpoena to testify at a trial then scheduled to take place on December 13, 2021. The trial has been postponed several times and is currently scheduled to begin on May 23, 2022. Given the delay and other unforeseen circumstances, as explained below, the Witnesses respectfully request that this Court release them from complying with those subpoenas.

I. <u>Each Witness Was Already Detained for Seven Months While Their Testimony Was Obtained.</u>

Witnesses were all crew members on board the M/V JOANNA, when it entered New Orleans on March 6, 2021. Witnesses were required to come ashore by the government and were held under material witness warrants so that their testimony could be obtained. They were so held for over seven months, until being discharged on October 13, 2021. The Witnesses and

their counsel believe they were detained longer than any other crewmen have ever been held under material witness warrants in a comparable case.

Each of the Witnesses was available to testify before a grand jury throughout their detention. Several of the Witnesses so testified on multiple occasions. After an indictment was returned, each of the Witnesses was and remained available to provide trial testimony pursuant to Rule 15 of the Federal Rules of Criminal Procedure. Each Witness asked to provide such testimony did so. All Witnesses gave Rule 15 depositions, except Mr. Gonzaga as no party chose to take his testimony.[1] In the Order authorizing their release (Rec. Doc. 22), the Court directed the witnesses "to advise counsel of any signed contract to return to sea." Prior to their release, each witness, through undersigned counsel, was served with a trial subpoena, requiring that they return to the Eastern District of Louisiana for trial on December 13, 2021.

II.     The Witnesses Returned to their Home Country.

Each of the witnesses who returned to the Philippines was required to first quarantine in a hotel room in Manilla for five (5) days, receive a negative COVID-19 test, then return to their respective homes to quarantine for an additional 14 days. On November 19, 2021, the trial date in this matter was continued until February 7, 2022 (Rec. Doc. 54) and continued again two days later to February 14, 2021 (Rec. Doc. 59). On January 11, 2022, undersigned counsel received new trial subpoenas for February 14, 2022 by the government. The Witnesses were not consulted and did not consent to the delays in the trial schedule.

Super Typhoon Rai (Typhoon Odette) made landfall over seven provinces in the Philippines between December 16 and 17, 2021, impacting 7.3 million people, causing extensive

---

[1]     As no party took Mr. Gonzaga's deposition, clearly no party considered Mr. Gonzaga to be a truly material witness.

2

damage to homes and public infrastructure.[2]  Following the devastating typhoon, counsel was able to reestablish contact with each of the Witnesses, except Nimuel Nalogon.  Neither the other witnesses nor undersigned counsel has been able to contact Mr. Nalogon, despite repeated efforts.  Manuel Baliad II's home city of Cebu was hit particularly hard by Typhoon Rai.  The resulting financial devastation makes it particularly important that he return to his job on the sea to help his family and relatives recover.

      III.     <u>The Witnesses Need to Work to Support Their Families.</u>

The Witnesses and their counsel understood the Court's order requiring them to advise counsel if they signed contracts to return to sea as impliedly acknowledging that they would be excused from testifying (and that their depositions would suffice) if they were at sea.  Witnesses Baliad, Cabanyan, and Bernabe accordingly sought and secured contracts and returned to their occupations as crewmembers at sea.  Witness Gonzaga has been trying to find employment at sea.  Witness Haldun Akkaya, hopes to receive a contract by the end of this month.  As noted, undersigned counsel has not been unable to contact Mr. Nalogon since Typhoon Rai.

The contracts for Witnesses Baliad, Cabanayan and Bernabe (attached hereto as Exhibit 1) are each for a period of eight (8) months making them unavailable for trial in this matter on May 23, 2022.  If they were forced to sign off their vessels to testify, they would be without employment or income thereafter and would suffer serious economic hardship.  Undersigned counsel anticipates that Witness Akkaya's contract will be for a similar period of time, making him unavailable for the May 23, 2022 trial date.  Undersigned counsel also

---

[2]    *See, e.g.,* USAID Super Typhoon Rai Fact Sheet #2 (*available at* https://www.usaid.gov/sites/default/files/documents/2022_01_14-Philippines-Super-Typhoon-Rai-Fact-Sheet-2_0.pdf)

3

anticipates that Witness Gonzaga will have (or already has) a contract that will make him unavailable for the May 23, 2022 trial date.

### IV. The Witnesses Should Not Be Forced to Return For Trial As Their Depositions Should Suffice.

These witnesses were already detained in this matter for over seven months, gave depositions under Rule 15, and suffered a typhoon since they returned home. They need to return to (and/or remain at) sea to support their families. None of the Witnesses earn income if they are forced to return to this district and await trial of this matter.

The Witnesses are also concerned that international travel exposes them and others with whom they come in contact to COVID risks. There is, of course, no health risk to Witnesses, jurors, or Court personnel associated with playing the Witnesses videotaped Rule 15 depositions. There is substantial risk, however, in requiring witnesses to travel half-way around the world through crowded airports and onboard crowded planes to testify in open Court proceedings.

### CONCLUSION

Given (1) the delays, (2) the significant and unusual economic hardship on the Witnesses, (3) the Witnesses' previous lengthy detention, and (4) the risks associated with international travel during a global pandemic, the Witnesses respectfully submit that requiring their attendance at trial is unnecessary and inappropriate. Accordingly, the Witnesses ask that their motion be granted and that they be released from the trial subpoenas at issue.

Respectfully submitted,

*/s/ Jacob K. Weixler*
Jacob K. Weixler (36076)
Weixler Law LLC
P.O. Box 52197
New Orleans, Louisiana 70152-2197
Tel.: (504) 408-2180
Fax: (504) 814-1728
jkw@weixlerlaw.com

-AND-

*/s/ Bruce M. Merrill*
Bruce M. Merrill, (Me. Bar No. 7623)
Law Offices of Bruce M. Merrill, P.A.
225 Commercial Street
Suite 501
Portland, ME  04101
(207)  775-3333
E-mail: mainelaw@maine.rr.com
*Application for Admission Pro Hac Vice Pending*

*Attorneys for Haldun Akkaya, Manuel Baliad II, Bienvenido Cabanayan Jr., Gerone Bernabe, Nimuel Nalogon, and Louie Gonzaga*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2022, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Jacob K. Weixler*
JACOB K. WEIXLER