UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 21-126** |
| **EMPIRE BULKERS, LTD., ET AL** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants'[1] **Motion in Limine** (Rec. Doc. 135) to preclude the government from referring to this as an "environmental crimes" or "pollution" case or to the defendant as a "polluter" is **GRANTED in part** and **DENIED in part**, as set forth herein;

**IT IS FURTHER ORDERED** that the government's **Motion in Limine** (Rec. Doc. 156) is **GRANTED in part** and **DENIED in part**, as set forth herein.

### *Defendants' Motion*

In this motion, defendants request the court to prohibit the government from suggesting, implying, or arguing to the jury at the trial of this matter that this is an environmental crimes case, that it is a case about pollution, or that the defendant is a polluter. In so moving, they argue that as charged, this is a record-keeping case, not a pollution or environmental crimes case, and using those terms is inaccurate and inflammatory.

---

[1] The motion was filed by defendant Warlito Tan but subsequently joined by defendants Empire Bulkers Ltd. and Joanna Maritime Limited. Rec. Doc. 158.

The government opposes the motion, characterizing it as one to preclude entirely the use of the term "environmental crime," "pollution," or "polluter."

The court observes that defendants are not seeking the wholesale exclusion of those terms, but rather that the case not be characterized as an environmental crimes or a "case about pollution," by which they appear to mean a case in which defendants are charged with polluting. The government explicitly acknowledges that environmental harm is not an element of any crime charged in this case, and that it will not present argument suggesting otherwise. Rec. Doc. 182, 3. Thus, to that extent, the motion is granted as unopposed.

Because the indictment charges crimes under the Acts to Prevent Pollution on Ships ("APPS"), to the extent defendants seek to preclude any reference to the fact that the case is brought under a law concerning pollution, that is simply not possible. To that extent the motion is denied. The court further notes that the jury will be given preliminary instructions and final charges that make clear the nature of the charges against the defendants, and that they center on record-keeping, not pollution. The government shall not refer to defendants as "polluters."

### *Government's Motion in Limine*

The government has moved to exclude argument and/or evidence concerning six separate areas.

1. The government seeks to preclude argument or evidence related to defendants' prior motions considered by the court. The government does not list the specific evidence contemplated by this motion, and the topics covered in the previous motions were wide-ranging. Absent more specificity regarding what the government seeks to exclude, the court cannot rule

on this question. If defendants seek to introduce evidence related to the prior motions at trial, the court will consider its admissibility as it arises in the context of trial. Denied as premature.

    2. The government seeks to preclude any argument, evidence, or reference concerning the time period, circumstances, or treatment of defendant Tan or other crew members while in the United States. The government contends that such evidence would reflect Tan's and the crew's dissatisfaction with the material witness warrants, which is not relevant to the issues for trial. Tan counters that his conduct under the duress imposed by the material witness warrants, including returning from the Philippines to the United States to face charges, is relevant to the issue of his credibility.

    Insofar as the time period, circumstances, or treatment of crew members besides Tan is concerned, the court finds that such evidence is not relevant to the issues for trial, and to that extent the motion is granted. Insofar as defendant Tan is concerned, the court agrees that such evidence may be relevant to Tan's credibility. With respect to Tan, the motion is denied.

    3. The government seeks to preclude any argument or evidence or reference to defendant Tan or the material witnesses as being "detained," "hostages," "human chattel," or any similar statement. Granted.

    4. The government seeks to preclude argument, evidence, or reference to the discharges at issue in this case as causing little or no environmental harm on relevance grounds, arguing that environmental harm is not an element of any of the crimes charged. In addition, the government argues that if relevant, evidence and argument concerning environmental harm should be excluded because its probative value would be substantially outweighed by the danger of

confusion, and because it would require additional experts and unduly lengthen trial.

The *fact* of the discharges is relevant to whether they were accurately recorded or not. The *effects* of the discharges are not at issue in this case. Accordingly, while reference to the discharges may be necessary, their putative effects are irrelevant. Granted.

5. The government moves to preclude argument, evidence, or references asserting that the government has failed to show the oil content of what actually was discharged.

Defendants are charged with making false entries in the ORB regarding discharges. Thus, the oil content of the discharges may be relevant to establishing whether the entries were in fact false. Accordingly, the pre-trial blanket exclusion requested is premature. Denied.

6. The government moves to preclude argument, evidence, or admission of any records required to be produced by the defendants pursuant to grand jury subpoena, and which were responsive to the subpoena, unless agreed to by the government.

The court cannot determine exactly what evidence this portion of the motion is directed to, and in such a vacuum cannot make a blanket pre-trial ruling. Denied as premature. Therefore,

**IT IS HEREBY ORDERED** that defendants' **Motion in Limine** (Rec. Doc. 135) to preclude the government from referring to this as an "environmental crimes" or "pollution" case or to the defendant as a "polluter" is **GRANTED in part** and **DENIED in part**, as set forth herein;

**IT IS FURTHER ORDERED** that the government's **Motion in Limine** (Rec. Doc. 156)

is **GRANTED in part** and **DENIED in part**, as set forth herein.

New Orleans, Louisiana, this __19th__ day of May, 2022.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE