

G. Dall Kammer
Chief, General Crimes

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

Telephone: 504-680-3168

May 24, 2022

Honorable Mary Ann Vial Lemmon
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

    Re:    *United States v. Empire Bulkers Ltd. and Joanna Maritime Limited.*
             Criminal Docket No. 21-126

Dear Judge Lemmon:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the U.S. Attorney's Office for the Eastern District of Louisiana and the Environmental Crimes Section of the U.S. Department of Justice ("Government") wish to acknowledge the following Agreement between the Government and Empire Bulkers, Ltd. ("Empire Bulkers") and Joanna Maritime Limited ("Joanna Maritime") (collectively "Defendants") in the above-captioned proceeding. Defendants' undersigned counsel, have reviewed the terms of this Agreement, has been advised by each defendant that they fully understand the terms of this Agreement, and that the undersigned corporate representatives have been duly authorized to enter into this Agreement.

    <u>Criminal Charges</u>: Defendants, having been advised through their counsel of the charges, agree to enter pleas of guilty to Counts 1 and 4 of the Indictment filed in the Eastern District of Louisiana as set forth below:

    Count 1: Knowing failure to maintain an accurate Oil Record Book in U.S. waters, in violation of the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a).

AUSA
Empire Bulkers
Joanna Maritime
Defense Counsel

Count 4: Failure to immediately report a hazardous condition, in violation of the Ports and Waterways Safety Act, 46 U.S.C. § 70036(b)(1) and 33 C.F.R. § 160.216(a).

Defendants' Admission of Guilt: Defendants are pleading guilty because each is guilty and wishes to acknowledge its acceptance of responsibility for the criminal conduct described in the Indictment and Joint Factual Statement that appears as **Attachment A** to this Agreement.

Maximum Fines and Penalties: Defendants further understand and agree that as an organizational defendant the maximum penalty for each offense is $500,000, or, if greater, a fine of the greater of twice the gross gain to the defendant or twice the gross loss to any person under 18 U.S.C. § 3571(c) and (d); a term a term of probation of five years, pursuant to 18 U.S.C. § 3561(c)(1); and a special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B). The special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the Plea Agreement being void.

Defendant further understands that, in addition to any other penalty, the Court may order the payment of restitution to any victim of the offenses pursuant to the provisions of 18 U.S.C. § 3663. The parties are not aware of any applicable restitution in this case.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Government, Empire Bulkers and Joanna Maritime agree and stipulate to the following plea and sentence applicable to this case:

(1) Counts: Defendants Empire Bulkers and Joanna Maritime each agree to plead guilty to Counts 1 and 4 as set forth in the Indictment: Count 1 – Knowing failure to maintain an accurate Oil Record Book in U.S. waters, in violation of the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a); and Count 4 – Failure to immediately report a hazardous condition to the U.S. Coast Guard, in violation of the Ports and Waterways Safety Act, 46 U.S.C. § 70036(b)(1) and 33 C.F.R. § 160.216(a).

(2) Factual Basis: Defendants Empire Bulkers and Joanna Maritime each admit that they are guilty of Counts 1 and 4 of the Indictment, by and through the acts and omissions of their agents and employees, acting within the scope of their agency and employment, and with the intent, at least in part, to benefit Empire Bulkers and Joanna Maritime; and further, that the Joint Factual Statement is a true and accurate statement of their criminal conduct and provides a sufficient factual basis for the pleas.

(3) Scope: In exchange for the defendant's guilty plea, and the promises set forth herein, the Government will dismiss Counts 2 and 3 of the pending Indictment against defendants and further agree that it will not criminally prosecute Empire Bulkers or

AUSA
Empire Bulkers
Joanna Maritime
Defense Counsel

Joanna Maritime in the Eastern District of Louisiana for the offenses set forth in the Indictment or for any other related offenses that are known to the Government at the time of the signing of this Agreement. In exchange for the guilty pleas, the United States further agrees not to pursue criminal charges or contempt charges against Empire Bulkers or Joanna Maritime based upon their response and/or alleged failure to respond to grand jury subpoenas issued and responded to prior to the date of this agreement. Defendants understand and agree that neither this paragraph nor this Agreement limits the prosecuting authority of any other sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of the defendants to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Agreement applies only to Empire Bulkers and Joanna Maritime and has no effect on any proceedings against any defendant not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

(4) Criminal Fine: Defendants Empire Bulkers and Joanna Maritime shall each pay a criminal fine of one million dollars ($1,000,000) for a total criminal fine of two (2) million dollars. Defendants understand and agree that under the terms of this Agreement they have joint and several liability for payment of the fine in full. The amount of $1.5 million will be paid within twenty (20) days of sentencing from the surety bond posted by the defendants pursuant to the Security Agreement. The remaining $500,000 will be paid in two equal installments as follows: (a) $250,000 at the end of the first year of probation; and (b) $250,000 at the end of the second year of probation. Notwithstanding any other provision of 18 U.S.C. § 3612, Defendants Empire Bulkers and Joanna Maritime each agree that interest shall start to accrue on any unpaid balance on the day following sentencing and that the provisions regarding collection, interest, and penalties set for in 18 U.S.C. §§ 3572(h), (i), and 3612 shall apply. Payment is to be made in the form of a check deposited with the Clerk of Court, or by wire transfer if acceptable to the Clerk of the Court.

(5) Special Assessment: As set forth above, defendants Empire Bulkers and Joanna Maritime must each pay a special assessment fee of $800 ($400 per count and per defendant) which is due in full on the day of sentencing.

(6) Probation: Defendants Empire Bulkers and Joanna Maritime shall be placed on organizational probation, starting from the date of sentencing and lasting a term of four (4) years. The parties understand and agree that Defendants may seek the termination of probation after three years and that the government may oppose early

AUSA
Empire Bulkers
Joanna Maritime
Defense Counsel

termination. In addition to whatever standard probation conditions might be imposed by the Court, defendants Empire Bulkers and Joanna Maritime will be subject to the following Special Conditions of Probation:

(a) Defendants shall commit no further violations of MARPOL 73/78, federal, state, or local law, and shall conduct all operations in accordance with the environmental laws of the United States;

(b) Payment in full of the monetary amounts set forth herein including all special assessments and fines.

(c) At its own expense, and at no expense to the Government or the Court, defendants Empire Bulkers shall adopt and implement an Environmental Compliance Plan ("ECP") subject to review and approval by the United States and consistent with USSG §8D1.4, and attached hereto as **Attachment B** and incorporated herein. As set forth in **Attachment B**, any vessels covered by the ECP and all shore side offices involved in technical management must be audited by an outside and independent auditor subject to approval by the Court and the United States (Third Party Auditor ("TPA")). An independent Court Appointed Monitor ("CAM") subject to approval by the United States will be appointed to review audit results, assure overall compliance and report to the Court. All audits must be done underway and each vessel must be audited at least twice during the period of probation unless the TPA or the CAM recommends additional audits. Certain credit will be given for external underway audits performed since April 2021 as set forth in the ECP. Covered vessels will include all ships holding a Certificate of Financial Responsibility under the Oil Pollution Act of 1990.

(d) Defendants shall fully and completely comply with all terms of the Security Agreement with the U.S. Coast Guard. On or before May 23, 2022, defendants shall inform the undersigned prosecutors of the identity of competent records custodian(s) that will appear in person to testify at trial and all future proceedings in this matter in the Eastern District of Louisiana. Defendants agree to make the custodian(s) available for an interview in person at the U.S. Attorney's Office at least 24 hours prior to the first day of trial. The records custodian(s) will be capable of authenticating all records seized from the *M/V Joanna*, authenticating all records produced by the defendants pursuant to subpoena, knowledgeable with company recordkeeping practices, and knowledgeable regarding the practices utilized for communicating between ship and shore. Defendants will not engage, participate, or assist in, or fund, any post-trial litigation or ancillary litigation brought by any person against the United States or any agency or person thereof, unless so ordered by a Court of competent jurisdiction.

Page 4 of 8

AUSA ___
Empire Bulkers ___
Joanna Maritime ___
Defense Counsel ___

(e) Application of the Agreement: This Agreement shall bind the defendants and their successors and assigns and parent and related corporations. Defendants shall further provide each undersigned prosecuting office and the United States Probation Office in the Eastern District of Louisiana with immediate notice of any name change, corporate reorganization, sale or purchase of a corporate entity of vessels subject to the ECP, signing or termination of ship management contracts, or similar significant action affecting this Agreement or the ECP. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of vessels, signing or termination of ship management contracts, or similar action shall alter the responsibilities of the defendants under this Agreement. Defendants understand and agree that they shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement, including the special conditions of probation and the ECP.

The parties have entered into this Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) with the understanding that the Court can either accept or reject the Agreement but may not modify its terms. If the District Court modifies any portion of the Plea Agreement, then any party will have the right to withdraw its guilty plea. Defendants understand and agree that plea and sentencing will occur at different proceedings and that they will not seek to combine plea and sentencing on the same date, and will not seek to schedule sentencing prior to the completion of trial against the co-defendant named in the same charging instrument.

Appellate and Other Waivers of the Defendants: Defendants understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal a conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendants also understands that ordinarily they may have the right to file collateral challenges to conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of *coram nobis* and *audita querela*. Acknowledging these rights, subject only to the exceptions specifically indicated below, each Defendant, in exchange for the promises and Agreements made by the United States in this Plea Agreement, knowingly and voluntarily:

(1) Waives and gives up any right to appeal or contest their guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291; and

Page 5 of 8

AUSA /s/
Empire Bulkers /s/
Joanna Maritime /s/
Defense Counsel /s/

(2) Waives and gives up any right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to its sentence of any kind.

Defendants Empire Bulkers and Joanna Maritime further agree that as part of this Agreement, each waives any right to seek or pursue attorney's fees or other litigation expenses, or damages under the "Hyde Amendment", 18 U.S.C. § 3006A, and that the each acknowledges that the Government's positions and prosecution of this matter were not vexatious, frivolous, or in bad faith. Defendants further agree that Empire Bulkers and Joanna Maritime, or and any agents acting on their behalf now or in the future, waive any and all claims against the United States Coast Guard, U.S. Department of Homeland Security, U.S. Department of Justice, or agent, employee, or contractor of any governmental entity, which relate to any aspect of the inspection, examination, and detention of the *M/V Joanna* or the criminal investigation of this matter, including any related surety or Agreement on Security. Defendants each further agree that they will not pursue or in any way support, directly or indirectly, any legal action or lawsuits, include those brought by third parties, against the United States or any agency, or any personnel, related to the inspection, investigation, or prosecution of defendants in this matter or involving the *M/V Joanna*. Defendants further agree that there is no basis for an award pursuant to the Act to Prevent Pollution from Ships and that they will take no position on any application for an award if one is made.

Statute of Limitations: Defendants further waive any and all defenses and claims with regard to the statute of limitations, laches, or any other arguments that any aspect of the charges is time-barred. In the event that this Agreement is not accepted by the Court for any reason, or the Defendants breach any of the terms of this Agreement, the statute of limitations shall be deemed to be tolled from the date of the Plea Agreement to: (1) 120 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 120 days following the date on which a breach of the Plea Agreement by the either Defendant is discovered by the government.

The Defendants agree that the criminal fine and special assessment are not dischargeable in bankruptcy or an insolvency proceeding and that the defendant will not seek or cause to be sought a discharge or finding of dischargeability as to the criminal fine or special assessment.

The Defendants recognize that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of their conviction will be immediately submitted to the Treasury Offset Program. The Defendants waive any objection to their inclusion in the Treasury Offset Program.

In an effort to resolve this matter in a timely fashion and in a show of good faith, each defendant agrees to knowingly, voluntarily, and expressly waive its rights pursuant to Rule

Page 6 of 8

AUSA
Empire Bulkers
Joanna Maritime
Defense Counsel

410(a) of the Federal Rules of Evidence upon signing this Plea Agreement and the factual basis. Defendants understand and agree that in the event they violate the Plea Agreement or withdraw their decision to plead guilty, then any statements made by Defendants, including any statements made in court proceedings or in the joint factual statement, leads from such statements, factual bases or summaries, shall be admissible for all purposes against Defendants in any and all criminal proceedings. The only exception to this paragraph is where the Defendants fully comply with this agreement, but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the Defendants for any purpose.

Corporate Authorization. Defendants represent that they are authorized to enter into this Plea Agreement and to bind themselves to the terms of the ECP. At the time of signing this Agreement, each defendant shall provide to the United States a written statement in the form of duly authorized corporate resolution certifying that Defendants are authorized to enter into and comply with all of the provisions of this Plea Agreement. The resolutions further shall certify that each Defendants' Board of Directors have authorized these actions, and that all corporate formalities for such authorizations have been observed.

Completeness: Defendants understand that the statements set forth above and in the attached joint factual statement and ECP represent each Defendant's Agreement with the Government; that there are not any other Agreements, letters, or notations that will affect this Agreement. This Agreement will be final when signed by all parties and filed in Court. The terms set forth herein remain subject to review and approval by both prosecuting offices.

Very truly yours,

TODD KIM
Assistant Attorney General
Environmental & Natural Resources Division
U.S. Department of Justice

*[signature]*

Richard A Udell
Senior Litigation Counsel
Environmental Crimes Section
U.S. Department of Justice
150 M St., N.E./Room 4206
Washington, D.C. 20044
Telephone: (202) 305-0361
Email: richard.udell@usdoj.gov

DUANE A. EVANS
United States Attorney

*[signature]*

G. Dall Kammer (26948)
Assistant U.S Attorney
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone: (504) 680-3168
Email:    dall.kammer@usdoj.gov

Page 7 of 8

AUSA *[initials]*
Empire Bulkers *[initials]*
Joanna Maritime *[initials]*
Defense Counsel *[initials]*

FOR THE DEFENDANTS,

On behalf of the Defendant Empire Bulkers, Ltd. I have been authorized by a corporate resolution to sign this Plea Agreement and Empire Bulkers, Ltd. Empire Bulkers has been advised by its attorneys of its rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. Empire Bulkers voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to Empire Bulkers other than those contained in this Agreement. No one has threatened or forced Empire Bulkers in any way to enter into this Agreement. Empire Bulkers, Ltd. is satisfied by the representation of its attorneys in this matter.

_____
[NAME/TITLE/DATE]

_____
Signature

On behalf of the Joanna Maritime Limited, I been authorized by a corporate resolution to sign this Plea Agreement. Joanna Maritime been advised by its attorneys of its rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. Joanna Maritime voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to Joanna Maritime other than those contained in this Agreement. No one has threatened or forced Joanna Maritime in any way to enter into this Agreement.

MARIOS LAZAROU - DIRECTOR
[NAME/TITLE/DATE]

_____
Signature

I am counsel for Empire Bulkers Ltd. and Joanna Maritime Limited. I have discussed every part of this Agreement with authorized representatives of Empire Bulkers and Joanna Maritime. I have advised both defendant corporations of their rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge, the decisions of Empire Bulkers and Joanna Maritime to enter into this Agreement are informed and voluntary.

_____
George M. Chalos
Briton P. Sparkman
Counsel for Empire Bulkers Ltd.
Counsel for Joanna Maritime Limited

AUSA ____
Empire Bulkers ____
Joanna Maritime ____
Defense Counsel ____